UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B AND F ENTERPRISES NORTHWEST, LLC dba BAKE'S PLACE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:21-cv-00272-BJR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) |

Before the Court is Defendant's Motion to Dismiss Plaintiff's claims. Def.'s Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 16 ("Mot.").[1] Having reviewed the Motion, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendant's Motion.

This is one a multitude of cases across the United States in which a business seeks

---

[1] Defendant has requested oral argument. *See* Mot. The Court determines that oral argument is unnecessary to resolve the motion and will, therefore, deny the requests. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

1

coverage for income lost due to the COVID-19 pandemic from their insurance company. *See* Compl., Dkt. No. 1. This District has chosen to assign all such cases to the undersigned who consolidated the earliest of these actions into ten cases. *See, e.g.*, *Chorak v. Hartford Cas. Ins. Co.*, 20-cv-00627. This Court recently published an Order in those cases holding there was no coverage for losses due to COVID-19. *See Nguyen, et al. v. Travelers Cas. Ins. Co., et al.*, No. 20-cv-00597, 2021 WL 2184878 (W.D. Wash. May 28, 2021). The Court held that in all of the relevant policies "direct physical loss of or damage to" covered property was required to trigger coverage and COVID-19 did not cause physical loss or damage. *Id.* at *9–*13. Additionally, the Court held that extension provisions, such as Extra Expense or Civil Authority, failed to provide independent grounds for coverage where coverage was not triggered in the first instance. *Id.* at *13–*14. Finally, the Court held that even if the policies provided coverage, a Virus exclusion would subsequently bar coverage. *Id.* at *15–*16.

This case was filed after consolidation in those matters, and thus was not included in that Order, but the same applies. Plaintiff's Complaint points to several provisions as grounds for coverage, including provisions for Business Income, Extra Expense, Extended Business Income, and Civil Authority. Compl. ¶¶ 16–18. These provisions, however, all require direct physical loss of or damage to covered property (or nearby property) to trigger coverage. *See* Decl. of Daniel A. Fielder, Ex. A, Dkt. No. 17-1 (Insurance Policy of B&F Enterprises Northwest LLC dba Bake's

2

Place) at 22[2] (Business Income),[3] 22 (Extra Expense),[4] 22 (Extended Business Income),[5] and 23 (Civil Authority).[6] Therefore, given the Court's conclusion that COVID-19 does not cause physical loss or damage, these provisions fail to provide coverage.

Additionally, Defendant argues that the Virus exclusion found in Plaintiff's policy would

---

[2] As the Policy uses an inconsistent numbering scheme, the Court will consistently refer to the page number derived from the file uploaded to the Court's Case Management/Electronic Case Files system.

[3] Stating

> We will pay for the actual loss of "business income" you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss of damage must be caused by or result from a Covered Cause of Loss.

"Covered Cause of Loss" is further defined as "direct physical loss unless" otherwise exclude. Policy at 18.

[4] Stating

> We will pay necessary "extra expense" you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

[5] Stating

> (a) If the necessary suspension of your "operations" produces a "business income" loss payable under this policy, we will pay for the actual loss of "business income" you incur during that period that. . . HOWEVER, Extended Business Income does not apply to loss of "business income" incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.
>
> (b) Loss of a "business income" must be caused by direct physical loss of or damage at the described premises caused by or resulting from any Covered Cause of Loss.

[6] Stating

> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and
>
> (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

3

bar coverage, even if Plaintiff could establish coverage in the first instance. See Mot. at 7–10; see also Policy at 36, 38.[7] In its previous Order, the Court found that such Virus exclusions applied and rejected arguments identical to the ones advanced by Plaintiff and does so here. See Nguyen, 2021 WL 2184878, at *15–*16; Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 20 at 13–15 (reiterating arguments "discussed at length in the omnibus briefing").

Plaintiff advances claims for Declaratory Relief and Breach of Contract. See Compl. ¶¶ 89–101. The conclusions *supra* determine coverage under Plaintiff's policy and establish that Defendant did not unreasonable deny coverage. The Court hereby GRANTS Defendant's Motion and dismisses Plaintiff's claims with PREJUDICE.

SO ORDERED.

DATED this 1st day of June, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[7] Stating

> We will not pay for loss or damage caused directly or indirectly by any of the following. . . . Any virus, bacterium or other microorganism that induces of is capable of inducing physical distress, illness or disease.

4